# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CLIFFORD SCOTT COOKE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 19-00860-KD-N |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

This action is before the Court on the Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Clifford Scott Cooke (doc. 1). Upon consideration, and for the reasons set forth herein, the Petition is DISMISSED for lack of jurisdiction.

In 2008, Cooke was indicted for the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States v. Cooke, Criminal Action No. 08-00010-KD-N (S.D. Ala. 2008). In September 2009, Cooke was sentenced to a term of 160 months (doc. 45).[1] His sentence was later reduced to 128 months (doc. 63).[2] Cooke was released in August 2016 and began his 60-month term of supervised release. His term of supervision has been revoked three times. Cooke is now in custody in the Southern District of Alabama awaiting his fourth revocation hearing.

In his petition, Cooke argues that the Court should vacate his conviction and sentence and order his immediate release. He asserts that the United States "used a prior Burglary 3rd to prosecute" him in violation of his due process right under the 5th Amendment. Cooke had at least three prior convictions for violent felonies, including the Burglary 3rd conviction. He was subject to the enhanced sentencing provisions found in 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act.

---

[1] The United States' motion for downward departure was granted (docs. 43, 44).

[2] The United States' motion for reduction of sentence was granted (docs. 59, 62).

Cooke relies upon the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), wherein the Supreme Court found the residual clause in the ACCA's definition of crime of violence was unconstitutionally vague. Cooke also argues that he is seeking habeas corpus relief "because a 2255 is inadequate or ineffective to test the legality of the sentence due to the ineffectiveness of the defendant's original attorney's failure to file a 2255 within the time limit" (doc. 1).

Generally, § 2241 habeas corpus petitions are "reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 Fed. Appx. 891, 896 (11th Cir. 2015) (citations omitted). However, Cooke relies upon the "savings clause" found in the last sentence of 28 U.S.C. § 2255(e), which states that

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The "'savings clause' permits a federal prisoner to challenge the legality of his detention in a § 2241 petition" in the limited circumstance where "an otherwise available remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" See Jones v. Warden, FCC Coleman, Medium, 520 Fed. Appx. 942, 945 (11th Cir. 2013). In explaining this provision, the Court of Appeals for the Eleventh Circuit stated that "Congress expressed its clear intent to impose a jurisdictional limitation on a federal court's ability to grant a habeas petitioner what is effectively a third bite at the apple after failing to obtain relief on direct appeal or in his first postconviction proceeding." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338 (11th Cir. 2013). (underlining added). Additionally, the savings clause "commands the district court not to

'entertain[]' a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in the exceptional circumstance <u>where the petitioner's first motion</u> was 'inadequate' or 'ineffective' to test his claim." <u>Id</u>. (brackets in original) (underlining in original).

Cooke filed a direct appeal, which was dismissed. At present, his motion to vacate pursuant to § 2255 is pending in this Court. He asserts the same <u>Johnson</u>-based claims as in the § 2241 petition. <u>See United States v. Cooke</u>, Criminal Action No. 08-00010-KD-N (S.D. Ala. 2008) (Doc. 134). He also asserts that his counsel was ineffective for failing to file a § 2255 motion within the time limit. (Id.) Cooke's § 2255 motion is not inadequate or ineffective to test his claim. Therefore, the petition is dismissed for lack of jurisdiction. <u>Williams</u>, 713 F.3d at 1337 ("The applicability of the savings clause is a threshold jurisdictional issue....").

DONE and ORDERED this 28th day of January 2020.

        **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**